530

1  <u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

2  Name **MONARREZ    JUAN**

$\quad\quad\quad$ (Last)$\quad\quad\quad$(First)$\quad\quad\quad\quad$(Initial)

**FILED**

3

4  Prisoner Number **P-50731**

JUL - 3 2008

Institutional Address **P.O. BOX 7500/SHU-C10-211** RICHARD W. WIEKING

5  **CRESCENT CITY, CA 95531** CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

6  ==========================================

7  UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3198

8  **JUAN  MONARREZ**$\quad\quad\quad\quad\quad$ )
(Enter the full name of plaintiff in this action.)$\quad$ )

9  $\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ )

10  $\quad\quad\quad\quad$ vs.$\quad\quad\quad\quad\quad\quad$ )$\quad\quad$ Case No. _____
$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ )$\quad\quad$ (To be provided by the clerk of court)

**RICHARD  J. KIRKLAND**$\quad\quad$ )

11  $\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ )$\quad\quad$ **PETITION FOR A WRIT**
$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ )$\quad\quad$ **OF HABEAS CORPUS**

12  _____ )

13  $\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ )

_____ )

14  (Enter the full name of respondent(s) or jailor in this action)$\quad$ )

15  _____ )

16  ==========================================

$\quad\quad\quad\quad\quad\quad\quad$ Read Comments Carefully Before Filling In

17  When and Where to File

18  $\quad\quad\quad$ You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23  $\quad\quad\quad$ If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS$\quad\quad$ - 1 -

1  Who to Name as Respondent

2  You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6  If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11  1. What sentence are you challenging in this petition? **PRISON SEGREGATION AND PRISON GANG VALIDATION**

12  (a)  Name and location of court that imposed sentence (for example; Alameda

13  County Superior Court, Oakland):

14  **N/A**

15  Court                              Location

16  (b)  Case number, if known _____ " " _____

17  (c)  Date and terms of sentence _____ " " _____

18  (d)  Are you now in custody serving this term? (Custody means being in jail, on

19  parole or probation, etc.)        Yes _____ No _____

20  Where?

21  Name of Institution: **PELICAN BAY STATE PRISON**

22  Address: **P.O.BOX 7500 CRESCENT CITY, CA 95532**

23  2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  **N/A**

27

28

PET. FOR WRIT OF HAB. CORPUS      - 2 -

1    3. Did you have any of the following?

2    Arraignment:                                    Yes _____    No _____

3    Preliminary Hearing:                            Yes _____    No _____

4    Motion to Suppress:                             Yes _____    No _____

5    4. How did you plead?

6    Guilty _____    Not Guilty    Nolo Contendere _____

7    Any other plea (specify) _____ N/A _____

8    5. If you went to trial, what kind of trial did you have?

9    Jury _____    Judge alone _____    Judge alone on a transcript _____

10   6. Did you testify at your trial?                Yes _____    No _____

11   7. Did you have an attorney at the following proceedings:

12   (a)    Arraignment                              Yes _____    No _____

13   (b)    Preliminary hearing                      Yes _____    No _____

14   (c)    Time of plea                             Yes _____    No _____

15   (d)    Trial                                    Yes _____    No _____

16   (e)    Sentencing                               Yes _____    No _____

17   (f)    Appeal                                   Yes _____    No _____

18   (g)    Other post-conviction proceeding         Yes _____    No _____

19   8. Did you appeal your conviction?              Yes _____    No _____

20   (a)    If you did, to what court(s) did you appeal?

21   Court of Appeal                                 Yes _____    No _____

22   Year: _____    Result: N/A _____

23   Supreme Court of California    Yes _____    No _____

24   Year: _____    Result: N/A _____

25   Any other court                                 Yes _____    No _____

26   Year: _____    Result: N/A _____

27

28   (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1    petition?                                    Yes _____   No_____

2        (c)    Was there an opinion?             Yes _____   No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes _____   No_____

5               If you did, give the name of the court and the result:

6        _____

7        _____ N/A _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes ✗        No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding. Attach extra paper if you need more space.

18       I.     Name of Court: CALIFORNIA SUPERIOR COURT IN
                               DEL NORTE COUNTY
19              Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

20              Grounds raised (Be brief but specific):

21              a. VIOLATION OF DUE PROCESS IN PRISON
                   SEGREGATION PROCEDURE
22              b._____

23              c._____

24              d._____

25              Result: PETITION DENIED (EXH. "A") Date of Result: 10-29-07

26       II.    Name of Court: CALIFORNIA COURT OF APPEALS
                               FIRST APPELLATE DISTRICT
27              Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

28              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a. VIOLATION OF DUE PROCESS IN PRISON SEGREGATION PROCEDURE

b._____

c._____

d._____

Result: **PETITION DENIED (EXH'A)** Date of Result: **3-11-08**

III.   Name of Court: **CALIFORNIA SUPREME COURT**

Type of Proceeding: **PETITION FOR WRIT OF HABEAS CORPUS**

Grounds raised (Be brief but specific):

a. VIOLATION OF DUE PROCESS IN PRISON SEGREGATION PROCEDURE

b._____

c._____

d._____

Result: **PETITION DENIED (EXH."A")** Date of Result: **5-14-08**

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes **X**    No____

Name and location of court: **NINTH CIRCUIT COURT OF APPEALS MONARREZ V. ALAMEDA, # No. 07-55081**

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1    need more space.  Answer the same questions for each claim.

2        [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: PETITIONER WAS PLACED IN THE SECURITY HOUSING UNIT ON INDETERMINATE STATUS IN

6    VIOLATION OF HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS

7    Supporting Facts: 1. PETITIONER IS A CALIFORNIA STATE PRISONER

8    INCARCERATED AT PELICAN BAY STATE PRISON (P.B.S.P.),

9    IN THE MAXIMUM SECURITY HOUSING UNIT (SHU).

10            2. ON 8-17-04, PETITIONER WAS PLACED IN

11    ADMINISTRATIVE SEGREGATION (AD-SEG) BY THE INSTITU-

12    TIONAL GANG INVESTIGATOR (IGI)

13            3. PETITIONER WAS PLACED UNDER INVESTI-

14    GATION FOR POSSIBLE GANG ACTIVITY (SEE CALIFORNIA

15    DEPARTMENT OF CORRECTIONS (CDC) FORM 114-D SEGRE-

16    GATION ORDER ATTACHED AS EXHIBIT "B").

17            4. ON SEPT 9, 2004, THE IGI PREPARED A

18    VALIDATION PACKAGE LABELING PETITIONER AN

19    ASSOCIATE OF THE MEXICAN MAFIA (EME) PRISON

20    GANG (SEE GANG VALIDATION PACKAGE ATTACHED

21    AS EXHIBIT " C ').

22                        (CONTINUED ON NEXT PAGE)

23        If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25            N/A

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

5. THE IGI USED THREE (3) SOURCES TO SUPPORT HIS ALLEGATION THAT PETITIONER IS AN "EME" ASSOCIATE.

6. SOURCE ONE IS AN INTERCEPTED LETTER/BIRTHDAY CARD ALLEGING THAT WHEN PETITIONER WAS IN THE GENERAL POPULATION HE BELONGED TO A "MESA" (A CLIQUE OF INMATES) THAT, ON BEHALF OF AN "EME" MEMBER, DIRECTED PRISON GANG ACTIVITY. THIS INFORMATION IS DOCUMENTED BY THE IGI IN A CONFIDENTIAL MEMORANDUM DATED 9-2-04.

7. SOURCE TWO ARE DRAWINGS ALLEGED TO HAVE PRISON GANG SYMBOLS.

8. SOURCE THREE IS AN ADDRESS FOUND IN PETITIONER'S ADDRESS BOOK. THE ADDRESS IS OF A LONG-TIME FEMALE FRIEND OF PETITIONER'S, A FRIEND WHO COINCIDENTALLY IS DOCUMENTED TO BE A FRIEND OF AN "EME" ASSOCIATE.

9. ON 9-29-04, THE SPECIAL SERVICE UNIT (SSU) ENDORCED PETITIONER'S VALIDATION AS AN "EME" ASSOCIATE.

10. ON 10-20-04, PETITIONER RECEIVED AN INDERMINATE SHU TERM. HE REMAINS ON THAT STATUS TO DATE.

11. PETITIONER'S VALIDATION AS AN "EME" ASSOCIATE WAS NOT BASED ON THE REQUISITE "SOME EVIDENCE" STANDARD.

12. WITH REGARD TO SOURCE ITEM ONE, THE LETTER/BIRTHDAY CARD, WAS NOT CONFISCATED FROM PETITIONER. THE LETTER/BIRTHDAY CARD, WHEN IT WAS INTERCEPTED BY PRISON STAFF WAS GOING FROM ANOTHER INMATE TO A THIRD INMATE, NEITHER PERSON ANYONE KNOWN BY PETITIONER. WHATEVER WAS WRITTEN ON THE LETTER/BIRTHDAY CARD WAS NOT GENERATED BY PETITIONER, AND SHOULD NOT HAVE BEEN ASCRIBED TO HIM.

13. PETITIONER HAS NO KNOWLEDGE OF HOW ANY REFERENCE TO HIM WAS FOUND ON THE LETTER/BIRTHDAY CARD, OR IF IN FACT SUCH A REFERENCE WAS FOUND THERE.

14. PETITIONER DID NOT AUTHOR ANYTHING IN THE LETTER/BIRTHDAY CARD.

15. WITH REGARD TO SOURCE ITEM TWO, PETITIONER IS NOT AWARE OF ANY PRISON-GANG SIGNS IN THE COPIES OF THE DRAWINGS FOUND IN HIS PROPERTY. SOME OF THE ARTWORK WAS PRODUCED BY INDIVIDUALS UNKNOWN TO PETITIONER.

(CONT. ON NEXT PAGE)

PET. FOR WRIT OF HAB. CORPUS

1  MOST OF THE COPIES WERE DOWNLOADED FROM THE INTERNET,
2  AND ENTERED WITHOUT INCIDENT THE PRISON VIA THE MAILROOM.
3      16. IT IS DISINGENUOUS FOR THE IGI TO CLAIM THAT
   PETITIONER'S PHOTOCOPIES OF DRAWINGS SUGGEST PRISON-GANG
4  AFFILIATION, CONSIDERING THAT IN RECENT LITIGATION HE CON-
5  CEDED THAT SUCH ITEMS DO NOT QUALIFY AS SOURCE MATERIAL
6  FOR VALIDATING INMATES AS "EME" ASSOCIATES.
7      17. WITH REGARD TO SOURCE ITEM THREE, THE ADDRESS
   CONFISCATED FROM PETITIONER BELONGED TO A CHILDHOOD
8  FRIEND. PETITIONER WAS NOT AWARE THAT ANY OTHER INMATE
9  WAS WRITING THAT FRIEND. MOREOVER, PETITIONER WAS NOT
   COMMUNICATING WITH ANY THIRD PARTY THROUGH HER (OR
10 THROUGH ANYONE ELSE). NOTABLY, THE IGI DID NOT CLAIM THAT
11 PETITIONER WAS USING THE CONFISCATED ADDRESS AS A MAILDROP.
12     18. INDIVIDUALLY AND TAKEN TOGETHER, THE SOURCE ITEMS
   USED TO LABEL PETITIONER A PRISON-GANG ASSOCIATE DO NOT
13 STATE ARTICULABLE FACTS FROM WHICH CAN BE DRAWN A RATIONAL
14 INFERENCE THAT PETITIONER IS AN "EME" ASSOCIATE, THUS THEY
15 DO NOT AMOUNT TO "SOME EVIDENCE".
       19. THEREFORE, PETITIONER'S VALIDATION AS AN "EME"
16 ASSOCIATE SHOULD BE REVERSED AND DELETED FROM HIS PRISON
17 CASE FILE; PETITIONER'S INDETERMINATE SHU SHOULD BE RESCINDED;
18 AND HE SHOULD BE RETURNED TO THE GENERAL POPULATION.

19

20

21

22

23

24

25

26

27

28

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:  SANDIN  V. CONNER, (1995) 515 U.S. 472

4  SUPERINTENDENT V. HILL, (1985) 472 U.S. 445

5  MADRID v. GOMEZ, (N.D. CAL 1995) 889 F. SUPP. 1146

6  CASTILLO V. ALAMEIDA (N.D. CAL) NO. 94-2874 MJJ SETT. AFIRE. 6104

7  Do you have an attorney for this petition?                   Yes_____    No _X_

8  If you do, give the name and address of your attorney:

9                                N/A

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _6·10·08_                           _____

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS       -9-

# EXHIBIT A

FILED

OCT 2 9 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF DEL NORTE

| | |
|---|---|
| In re<br><br>**JUAN MONARREZ,**<br><br>Petitioner,<br><br>**On Habeas Corpus.** | NO. HCPB06-5051<br><br>~~[PROPOSED]~~ **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Juan Monarrez filed this petition for a writ of habeas corpus challenging the evidence relied upon in validating him as an associate of the Mexican Mafia prison gang, resulting in an indeterminate Security Housing Unit (SHU) term. The Court issued an Order to Show Cause based upon concerns regarding the sufficiency of the evidence used to validate Monarrez as a prison gang associate. The Court subsequently granted an evidentiary hearing. In granting an evidentiary hearing, the Court stated that it had the same concerns with items one and two identified in the Order to Show Cause. Specifically, as to item one, the Court questioned whether the confidential documents identified Monarrez as being part of the "mesa." As to item two, the Court was concerned as to whether the informant actually identified Monarrez as being part of the "mesa."

This matter came before the Court for an evidentiary hearing on October 10, 2007. Monarrez testified on his own behalf, and Sergeant Del Higgerson testified on behalf of the respondent.

///

///

1

1    Having considered all the relevant testimony, and all matters properly before the Court, the

2  Court finds that there is some evidence to support Monarrez's validation as a prison gang

3  associate. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.)  Accordingly, the Petition is

4  denied.

5    **IT IS SO ORDERED.**

6

7    Dated:    **OCT 2 9 2007**

8                                          WILLIAM H. FOLLETT
                                           Superior Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **In re Juan Monarrez**

No.:          **HCPB06-5051**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On <u>October 15, 2007</u>, I served the attached:

### [PROPOSED] ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite
125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Harry Liddicote                           Attorney for Petitioner
Attorney at Law
3631 Wonderstump Rd
Crescent City, CA 95531

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on October 15, 2007, at Sacramento,
California.

       M. Briggs
       Declarant                                    Signature

10386261.wpd

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

In re JUAN MONARREZ

on Habeas Corpus.

A120830

(Del Norte County
Super. Ct. No. HCPB06-5051)

Court of Appeal, First Apellate District
**FILED**

MAR 1 1 2008

Diana Herbert, Clerk

by _____ Deputy Clerk

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated:    MAR 1 1 2008          **KLINE, P. J.**          P.J.

30

S162852

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JUAN MONARREZ on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

MAY 1 4 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region ▮▮▮▮▮▮▮▮▮▮▮  Category  6/8
1. _____  1. _____  EME ASSOC.
2. _____  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MARGARET, JUAN | P-50751 | N/A  C10-112 | C10-112 |

**A. Describe Problem:** ON 8-17-04 I WAS REMOVED FROM GENERAL POPULATION BY I.G.I STAFF AT P.B.S.P, AND SUBSEQUENTLY PLACED IN AD-SEG UNDER THE PRETEXT OF AN ON-GOING INVESTIGATION BEING CONDUCTED BY I.G.I, INTO MY ALLEGED ASSOCIATION AND ON-GOING ACTIVITIES OF THE EME PRISON GANG, IN WHICH MY REMAINING PRESENCE COULD HINDER. ON (10-7-04) I RECIEVED 128-B-2 (ENCLOSED) INDICATING THAT SACRAMENTO FELT THERE WAS SUFFICIENT SUBSTANCE TO THE EVIDENCE PRESENTED TO THEM BY P.B.S.P I.G.I STAFF TO VALIDATE ME AS AN ASSOCIATE OF THE EME, AND SUBSEQUENTLY ON (10-20-04) I WENT TO COMMITTEE AND WAS GIVEN AN INDETERMINATE S.H.U TERM, IN ACCORDANCE TO C.D.C PROCEDURAL REGULATIONS OF TITLE 15 SEC. 3000 # 3023. THIS APPEAL IS CONTESTING THESE ALLEGATIONS D.S.C/SACRAMENTO APPROVED MY VALIDATION BASED ON 4 POINTS OF INFERRANCE SUBMITTED TO THEM BY P.B.S.P I.G.I SUMMARILY, THESE POINTS OF

( CONTINUE ON ATTACHMENT )

If you need more space, attach one additional sheet.

**B. Action Requested:** THAT I BE GIVEN COPIES OF THE CONFIDENTIAL MEMORANDUMS TO PROVE UNMERITORIOUS SUBJECT MATTER THEY SHOULD NOT BE CONFIDENTIAL. THAT MY VALIDATION BE DISAPPROVED DUE TO LACK OF EVIDENCE. THAT I BE RELEASED BACK TO A G.P. MAINLINE, AND MY C-FILE BE EXPUNGED OF ALL INCONSISTENT/INCONSEQUENT INFORMATION USED TO VALIDATE ME.

Inmate/Parolee Signature: _____  Date Submitted: 11-7-04

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: 

RECEIVED
APPEALS BRANCH
NOV -7 2005

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed  CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

2ND/IGI-AWCS
NOV

10

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-10

BYPASS
BYPASS

APPEARANCE ARE (ALSO ATTACHED SEE CHRONO; FORM 128-B-2)

1.) CONFIDENTIAL MEMORANDUM DATED 9-2-04 — SPECIFICALLY, LETTER AUTHORED BY ANOTHER INMATE ALLEGEDLY ASSERTING MY PARTICIPATION IN A "MESA" ON FACILITY "B" (P.B.S.P.) AND SUPPORTING CONFORMATION OF ITEM 2.

2.) CONFIDENTIAL MEMORANDUM DATED 8-17-04 — SPECIFICALLY, A CARD, BIRTHDAY ALLEGEDLY SIGN BY ME, AND SUPPORTING CONFORMATION OF ITEM 1, DESTINED TO BE SENT VIA 3RD PARTY MAIL TO AN EME MEMBER IN P.B.S.P. SHU, RECOVERED BY STAFF.

3.) C.DC 128-B DATED 6-24-02 — SPECIFICALLY, NUMEROUS PHOTO COPIED DRAWING PATTERNS DEPICTING SYMBOLS ALLEGEDLY DENOTING, AND SPECIFICALLY RETAINED BY EME, SHOWING ALLEGIANCE TO EME PRISON GANG AND AUTHORED BY EME MEMBERS AND ASSOCIATES.

4.) C.DC 128-B DATED 6-7-02 — SPECIFICALLY, ADDRESS FOUND IN MY ADDRESS BOOK CONFISCATED BY I.G.I STAFF, OF MY ALLEGED MAILDROP OF VALIDATED EME ASSOCIATE.

EACH OF THESE POINTS ARE INVALID AND UNSUBSTANTIATED. I AM NOT AN ACTIVE PRISON GANG MEMBER, NOR AM I A THREAT TO THE SAFETY AND SECURITY OF INSTITUTION. THE INFORMATION BEING USED TO VALIDATE ME AS AN ASSOCIATE TO THE "EME" PRISON GANG IS EXTREMELY BROAD AND ARBITRARY, AND FAILS TO PROVE THAT I AM ACTIVELY PARTICIPATING IN ANY PRISON GANG AFFAIRS. THE STANDARD OF I.G.I STAFF TO PRODUCE SOME EVIDENCE IN ACCORDANCE WITH VALIDATING PROCEDURES, EFFECTIVELY ASSOCIATING INMATES TO PRISON GANGS IS EXTREMELY VAGUE AND OVERBROAD, AND UNDER THIS ARBITRARY PRINCIPAL I HAVE BEEN VALIDATED AS AN EME ASSOCIATE AND CONFINED TO THE SHU INDETERMINATELY, UNJUSTLY, AND UNPROVOKED. I.G.I STAFF DID NOT CONDUCT A THOROUGH, OR UNBIASED INVESTIGATION INTO MY ALLEGED INVOLVEMENT WITH PRISON GANG. THEY FAILED TO REASONABLY SUBSTANTIATE THEIR CLAIMS BY EVEN THE MOST BASIC, INTRINSIC FORMS OF POLICE INVESTIGATION. THIS IS THE SECOND TIME I.G.I STAFF HAVE TRIED SUCCESSFULLY VALIDATE ME UNJUSTLY. THIS SECOND WHIMSICAL VALIDATION ATTESTS TO THAT ASSERTION. THE EVIDENCE USED IN VALIDATING ME GROSSLY HAMPERS MY FIRST AMENDMENT RIGHTS TO FREEDOM OF ASSOCIATION, AS WELL AS MY FREEDOM OF PRESS. MY EXCESSIVE LENGTH OF DISCIPLINARY FREE CONDUCT PROVES I HAVE NOT IN CONJUNCTION WITH I.G.I CLAIMS, INVOLVE MYSELF, NOR HAD KNOWLEDGE THAT I WAS, IN ANY WAY ASSOCIATING WITH MEMBERS, OR ASSOCIATES TO ACTIVELY FURTHER PRISON GANG OBJECTIVES. NOR HAS I.G.I STAFF PROMULGATED SUCH STANDARDS, OR PRINCIPALS CONSTITUTING "ACTIVE GANG PARTICIPATION". I WAS NOT ALERTED RELEVANT PAPERWORK BEING USED AGAINST ME FOR VALIDATION. FURTHER SUMMARY, AND ILLUSTRATION OF AFORE MENTIONED POINTS OF ARGUMENT, OF EXCULPATORY EVIDENCE IN CONTESTING ABOVE POINTS OF VALIDATION:

1.) CONFIDENTIAL MEMORANDUM DATED 9-2-04 — THIS CONFIDENTIAL MEMORANDUM DESCRIBES A LETTER CONFISCATED BY STAFF ALLEGEDLY DEPICTING ME AS BEING A MEMBER OF A COLLECTIVE ASSOCIATION OF INMATES ASSEMBLED TO PRACTICE AND INFORCE PRISON GANG POLICY, AND REGULATION - COMMONLY KNOWN AS A "MESA" ALSO THIS LETTER ALLEGEDLY DESCRIBES AN INSTANCE WHERE STAFF DISCOVERED, AND CONFISCATED A BIRTHDAY CARD ON FACILITY "B" AT (P.B.S.P) THAT WAS TO BE SENT OUT VIA 3RD PARTY MAIL AND RETURNED TO (P.B.S.P) SHU TO AN "EME" MEMBER, WITH MY SIGNATURE ON IT, CORRELATING EACH RESPECTIVE COMPONENT PURSUANT TO THE OTHER CONFIDENTIAL MEMORANDUM. THE SUBJECT MATTER OF THIS CONFIDENTIAL MEMORANDUM IS SIMPLY NOT TRUE. I AM NOT A MEMBER OF ANY "MESA", NOR HAS STAFF PRODUCE ANY INFORMATION/EVIDENCE LINKING ME TO THIS ORGANIZED GANG ACTIVITY, I.E SUPPORTING INMATE CONFIDENTIAL DISCLOSURE FORMS, INMATE DROP-OUT TESTIMONY, DOCUMENTED DISRUPTIVE INMATE BEHAVIOR, OR IN ANY OTHER WAY PROMULGATED ANY TYPE OF CRIMINAL ACTIVITY AS A RESULT OF THIS "MESA". SIMPLY PUT - IF THERE IS A "MESA" CURRENTLY ON "B" FACILITY AT (P.B.S.P) WHAT DOCUMENTED PROOF IS THERE OF ITS CRIMINAL ACTIVITY, AND WHAT PROOF IS THERE LINKING ME TO THIS ACTIVE CRIMINAL ACTIVITY? I AM REQUESTING A COPY OF THE ALLEGED LETTER DENOTING ME AS A "MEMBER, OF A "MESA" ON "B" FACILITY SO THAT I MAY PRINT OUT THIS MISINTERPRETATION OF I.G.I STAFF DOCUMENT THAT THIS INFORMATION WAS NOT SUPPOSED TO BE DISCOVERED BY THEM IN CONFIDENTIAL MEMORANDUM GIVEN THAT, INFORMATION WAS NOT DIRECTLY SENT TO STAFF TO BE USED SPECIFICALLY TO INCRIMINATE ME BY AN INMATE INFORMANT, THERE FORE IT SHOULD NOT BE CONSIDERED "CONFIDENTIAL INFORMATION" PER SE, IN THAT IT SHOULD NOT BE ALLOTTED NO WEIGHT PURSUANT TO CALIFORNIA CASE LAW (CATO VS. RUSHEN (9TH CIR. 1987) 824 F.2d 703) TO PROTECT THE IDENTITY OF PRISON INFORMANTS. IT WAS ALSO NOTED ON THIS CONFIDENTIAL MEMORANDUM THAT "MORE THAN ONE SOURCE INDEPENDENTLY PROVIDED THE SAME INFORMATION" - THIS IS A MISINTERPRETATION UNDER FALSE PRETENSES PERPETRATED BY STAFF TO DENOTE RELEVANCE WHEN NONE EXITS, THE "OTHER" INDEPENDENTLY PROVIDED SOURCE "OF INFOR- MATION IS THE BIRTHDAY CARD, AND SUBSEQUENT SECOND CONFIDENTIAL MEMORANDUM USED TO VALIDATE ME, THAT ALLEGEDLY I SIGNED WHICH IN FACT I DID NOT. THIS IS SIMPLY A WAY FOR I.G.I STAFF TO MANIPULATE THE VAGUE, AND OVERBROAD STANDARDS TO PRODUCE THE "ZONE INFORMATION" NEEDED TO UNJUSTIFIABLY VALIDATE ME, AND OTHER INMATES - (ALSO SEE CASTILLO VS. ALAMEIDA No. 94-2874 - FOR STAFFS MIS USE OF VAGUE, AND OVERBROAD STANDARDS IN VALIDATING INMATES.)

2.) CONFIDENTIAL MEMORANDUM DATED 8-17-04 — THIS CONFIDENTIAL MEMORANDUM DESCRIBES A BIRTHDAY CARD, CONFISCATED BY STAFF, THAT WAS ALLEGEDLY TO BE SENT OUT VIA THIRD PARTY MAIL TO BE SENT BACK IN TO A MEMBER OF THE "EME" IN (P.B.S.P) SHU, THAT I ALLEGEDLY SIGNED.

• I NEVER SIGNED THIS CARD. I AM REQUESTING THAT I.G.I STAFF CONDUCT A LINGUISTIC TEST (SUGGESTED BY THEM), IS TO PROVE THE AUTHENTICITY OF THE ALLEGED SIGNATURE. IN THIS MATTER STAFF DID NOT CONDUCT A THOROUGH, AND UNBIASED INVESTIGATION AS SHOULD THIS LINGUISTICS TEST BEEN CONDUCTED AS PART OF I.G.I STAFFS INVESTI- GATION, IT WOULD HAVE DISPROVED MY AUTHORSHIP.

INTERFERANCE ARE (ALSO ATTACHED SEE CHRONO; FORM 128-B-2)

.) CONFIDENTIAL MEMORANDUM DATED 9-2-04 — SPECIFICALLY, LETTER AUTHORED BY ANOTHER INMATE ALLEGEDLY ASSERTING MY PARTICIPATION IN A "MESA" ON FACILITY "B" (P.B.S.P) AND SUPPORTING CORROBORATION OF ITEM 2.

.) CONFIDENTIAL MEMORANDUM DATED 8-17-04 — SPECIFICALLY, A CARD/BIRTHDAY ALLEGEDLY SIGN BY ME, AND SUPPORTING CORROBORATION OF ITEM 1, DESTINED TO BE SENT VIA 3RD PARTY MAIL TO AN "EME" MEMBER IN P.B.S.P SHU, RECOVERED BY STAFF.

**3.)** C.D.C 128-B DATED 6-24-02 — SPECIFICALLY, NUMEROUS PHOTO COPIED DRAWING PATTERNS DEPICTING SYMBOLS ALLEGEDLY DENOTING, AND SPECIFICALLY RETAINED BY EME, SHOWING ALLEGIANCE TO "EME" PRISON GANG AND AUTHORED BY EME MEMBERS AND ASSOCIATES.

**4.)** C.D.C 128-B DATED 6-7-02 — SPECIFICALLY, ADDRESS FOUND IN MY ADDRESS BOOK CONFISCATED BY I.G.I STAFF, OF AN ALLEGED MAILDROP OF VALIDATED EME ASSOCIATE.

ALL OF THESE POINTS ARE INVALID AND UNSUBSTANTIATED. I AM NOT AN ACTIVE PRISON GANG MEMBER, NOR AM I A THREAT TO THE SAFETY AND SECURITY OF INSTITUTION. THE INFORMATION BEING USED TO VALIDATE ME AS AN ASSOCIATE TO THE "EME" PRISON GANG IS EXTREMELY BROAD AND ARBITRARY, AND FAILS TO PROVE THAT I AM ACTIVELY PARTICIPATING IN ANY PRISON GANG AFFAIRS. THE STANDARD OF I.G.I STAFF TO PRODUCE "SOME EVIDENCE" IN ACCORDANCE WITH VALIDATING PROCEDURES, EFFECTIVELY ASSOCIATING INMATES TO PRISON GANGS IS EXTREMELY VAGUE AND OVERBROAD, AND UNDER THIS ARBITRARY PRINCIPAL I HAVE BEEN VALIDATED AS AN EME ASSOCIATE AND CONFINED TO THE SHU INDETERMINABLY, UNJUSTLY, AND UNPROVOKED. I.G.I STAFF DID NOT CONDUCT A THOROUGH, OR UNBIASED INVESTIGATION INTO MY ALLEGED INVOLVEMENT WITH PRISON GANG, THEY FAILED TO REASONABLY SUBSTANTIATE THEIR CLAIMS BY EVEN THE MOST BASIC, INTRINSIC FORMS OF POLICE INVESTIGATION. THIS IS THE SECOND TIME I.G.I STAFF HAVE TRIED/SUCCESSFULLY VALIDATE ME UNJUSTLY. THIS SECOND WHIMSICAL VALIDATION ATTESTS TO THAT ASSERTION. THE EVIDENCE USED IN VALIDATING ME GROSSLY HAMPERS MY FIRST AMMENDMENT RIGHTS TO FREEDOM OF ASSOCIATION, AS WELL AS MY FREEDOM OF PRESS. MY EXCESSIVE LENGTH OF DISCIPLINARY FREE CONDUCT PROVES I HAVE NO AFFILIATION WITH I.G.I CLAIMS, INVOLVE MYSELF, NOR HAD KNOWLEDGE THAT I WAS, IN ANY WAY ASSOCIATING WITH MEMBERS, OR ASSOCIATES TO ACTIVELY FURTHER PRISON GANG OBJECTIVES, NOR HAS I.G.I STAFF PROMULGATED SUCH STANDARDS, OR PRINCIPALS CONSTITUTING "ACTIVE GANG PARTICIPATION". I WAS NOT ALLOTED RELEVANT PAPERWORK BEING USED AGAINST ME FOR VALIDATION. FURTHER SUMMARY, AND ILLUSTRATION OF ABOVE MENTIONED POINTS OF ARGUMENTS, OR EXCULPATORY EVIDENCE IN CONTESTING ABOVE POINTS OF VALIDATION:

.) CONFIDENTIAL MEMORANDUM DATED 9-2-04 — THIS CONFIDENTIAL MEMORANDUM DESCRIBES A LETTER CONFISCATED, BY STAFF ALLEGEDLY DEPICTING ME AS BEING A MEMBER OF A COLLECTIVE ASSOCIATION OF INMATES ASSEMBLED TO PRACTICE AND INFORCE PRISON GANG POLICY, AND REGULATION—COMMONLY KNOWN AS A "MESA" ALSO THIS LETTER ALLEGEDLY DESCRIBES AN INSTANCE WHERE STAFF DISCOVERED, AND CONFISCATED A BIRTHDAY CARD ON FACILITY "B" AT (P.B.S.P) THAT WAS TO BE SENT OUT VIA 3RD PARTY MAIL (AND RETURNED TO (P.B.SP) SHU TO AN "EME" MEMBER, WITH MY SIGNATURE ON IT, CORRELATING EACH RESPECTIVE COMPONENT PURSUANT TO THE OTHER CONFIDENTIAL MEMORANDUM. THE SUBJECT MATTER OF THIS CONFIDENTIAL MEMORANDUM IS SIMPLY NOT TRUE. I AM NOT A MEMBER OF ANY "MESA", NOR HAS STAFF REFRENCE ANY INFORMATION, OR EVIDENCE LINKING ME TO THIS ORGANIZED GANG ACTIVITY, I.E. SUPPORTING INMATE CONFIDENTIAL DISCLOSURE FORMS, INMATE DROP-OUT TESTIMONY, DOCUMENTED DISRUPTIVE INMATE BEHAVIOR, OR IN ANY OTHER WAY PROMULGATED ANY TYPE OF CRIMINAL ACTIVITY AS A RESULT OF THIS "MESA". SIMPLY PUT-IF THERE IS A "MESA" CURRENTLY ON "B" FACILITY AT (P.B.S.P) WHAT DOCUMENTED PROOF IS THERE OF ITS CRIMINAL ACTIVITY, AND WHAT PROOF IS THERE LINKING ME TO THIS ACTIVE CRIMINAL ACTIVITY? I AM REQUESTING A COPY OF THE ALLEGED LETTER DENOTING ME AS A "MEMBER OF A "MESA" ON "B" FACILITY SO THAT I MAY POINT OUT THIS MISINTERPRETATION OF I.G.I STAFF DOCUMENT THAT THIS INFORMATION WAS NOT SUPPOSED TO BE DISCOVERED BY THEM IN CONFIDENTIAL MEMORANDUM GIVEN THAT, INFORMATION WAS NOT DIRECTLY SENT TO STAFF TO BE USED SPECIFICALLY TO INCRIMINATE ME BY AN INMATE INFORMANT, THERE FORE IT SHOULD NOT BE CONSIDERED "CONFIDENTIAL INFORMATION" PER SE, IN THAT IT SHOULD NOT BE ALLOTTED ME PURSUANT TO CALIFORNIA CASE LAW (CATO VS. RUSHEN (9TH CIR. 1987) 324 F.2d 703) TO PROTECT THE IDENTITY OF PRISON INFORMANTS. IT WAS ALSO NOTED ON THIS CONFIDENTIAL MEMORANDUM THAT "MORE THAN ONE SOURCE INDEPENDENTLY PROVIDED THE SAME INFORMATION" — THIS IS A MISINTERPRETATION UNDER FALSE PRETENSES PERPETRATED BY STAFF TO DENOTE RELEVANCE WHEN NONE EXITS, THE OTHER "INDEPENDENTLY PROVIDED SOURCE" OF INFORMATION IS THE BIRTHDAY CARD, AND SUBSEQUENT SECOND CONFIDENTIAL MEMORANDUM USED TO VALIDATE ME, THAT ALLEGEDLY I SIGNED WHICH IN FACT I DID NOT. THIS IS SIMPLY A WAY FOR I.G.I STAFF TO MANIPULATE A VAGUE, AND OVERBROAD STANDARDS TO PRODUCE THE "SOME INFORMATION" NEEDED TO UNJUSTIFIABLY VALIDATE ME, AND OTHER INMATES — (ALSO SEE CASTILLO VS. ALAMEIDA NO. 94-2874 - FOR STAFFS MIS USE OF VAGUE, AND OVERBROAD STANDARDS IN VALIDATING INMATES).

.) CONFIDENTIAL MEMORANDUM DATED 8-17-04 — THIS CONFIDENTIAL MEMORANDUM DESCRIBES A BIRTHDAY CARD, CONFISCATED BY STAFF, THAT WAS ALLEGEDLY TO BE SENT OUT VIA THIRD PARTY MAIL TO BE SENT BACK IN TO A MEMBER THE "EME" IN (P.B.S.P) SHU, THAT I ALLEGEDLY SIGNED. I NEVER SIGNED THIS CARD. I AM REQUESTING THAT I.G.I STAFF CONDUCT A LINGUISTIC TEST (SUGGESTED BY THEM), TO DISPROVE THE AUTHENTICITY OF THE ALLEGED SIGNATURE. IN THIS MATTER STAFF DID NOT CONDUCT A THOROUGH, AND UNBIASED INVESTIGATION AS SHOULD THIS LINGUISTIC TEST BEEN CONDUCTED AS PART OF I.G.I STAFFS INVESTIGATION, IT WOULD HAVE DISPROVED MY AUTHORSHIP.

THIS ITEM SHOULD NOT OF ITSELF CONSTITUTE AN "ITEM" AS DESCRIBE IN ENCLOSED C.D.C FORM 128-B

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Category

1. _____    1. _____
2. _____    2. _____    EME  ASSOC.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MARQUEZ, JUAN | P-50731 | N/A   C10-142 | A2   2NC |

A. Describe Problem: ON 8·17·04 I WAS REMOVED FROM GENERAL POPULATION BY I.G.I STAFF AT P·B·S·P, AND SUBSEQUENTLY PLACED IN AD-SEG UNDER THE PRETEXT OF AN ON-GOING INVESTIGATION BEING CONDUCTED BY I.G.I INTO MY ALLEGED ASSOCIATION AND ON GOING ACTIVITIES OF THE EME PRISON GANG IN WHICH MY REMAINING PRESENCE COULD HINDER. ON (10·3·04) I RECEIVED 128-B-2 (ENCLOSED) INDICATING THAT SOURCE ITEMS #1 THRU #6 GAVE SUFFICIENT SUBSTANCE TO THE EVIDENCE PRESENTED TO THEM BY P·B·S·P I.G.I STAFF TO VALIDATE ME AS AN ASSOCIATE OF THE EME, AND SUBSEQUENTLY ON 15·20·04) I WENT TO COMMITTEE AND WAS GIVEN AN INDEFINITE SHU TERM IN ACCORDANCE TO C.D.C PROCEDURAL REGULATIONS OF TITLE 15 SEC. 3000 & 3023. THIS APPEAL IS CONTESTING THESE ALLEGATIONS D.S.U/SACRAMENTO APPROVED A VALIDATION BASED ON 4 POINTS OF INFERRANCE, SUBMITTED TO THEM BY P·B·S·P I.G.I SUMMARILY. THESE POINTS OF

If you need more space, attach one additional sheet.    ( CONTINUE ON ATTACHMENT )

B. Action Requested: THAT I BE GIVEN COPIES OF THE CONFIDENTIAL MEMORANDUMS TO PROVE UNMERITORIOUS SUBJECT MATTER. THEY SHOULD NOT BE CONFIDENTIAL. THAT MY VALIDATION BE DISAPPROVED DUE TO LACK OF EVIDENCE. THAT I BE RELEASED BACK TO A G.P. MAINLINE, AND MY C-FILE BE EXPUNGED OF ALL INCONSISTENT/INCONSEQUENT INFORMATION USED TO VALIDATE ME.

Inmate/Parolee Signature: _____    Date Submitted: 11-7-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

*BYPASS*

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*BYPASS*

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

2ND ICI-AWCS
NOV _____

10

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

**BYPASS**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                            Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**BYPASS**

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __11/8/04__ Due Date: __12/23/04__

☒ See Attached Letter

Signature: _____ SK    Date Completed: __12-14-04__

Warden/Superintendent Signature: _____    Date Returned to Inmate: DEC 2 2 2004

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I AM DISSATISFIED WITH THE RESPONSE. THE ACTIONS TAKEN TO VALIDATE ME DO NOT COMPLY WITH THE SETTLEMENT IN THE CASTILLO CASE. THE MATERIAL USED TO LABEL ME AN ASSOCIATE HAS NO RELATION TO ACTUAL THREATS TO THE SAFETY AND SECURITY OF THE INSTITUTION, AND SHOULD NOT HAVE BEEN USED A SOURCES OF DOCUMENTATION EVINCING PRISON-GANG ACTIVITY. I AM BEING DENIED MY CONSTITUTIONAL RIGHT TO DUE PROCESS.

Signature: _____ Date Submitted: __12·29·04__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☒ See Attached Letter

Date: APR 0 5 2005

CDC 602 (12/87)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **APR 0 5 2005**

In re:    Monarrez, P-50731
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0407038          Local Log No.: PBSP 04-02873

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he did not know that the "Mayan" symbol for the number "13" (Mactaclomer), or that the "Black Hand" are symbols of the Mexican Mafia (EME) prison gang. The appellant contends the he did not know that Inmate Saucedo J-85704 was a validated EME associate. The appellant also stated that the information used by Pelican Bay State Prison (PBSP) is against the Department's gang validation procedures, as far as what they can and cannot use. The appellant requests copies of the confidential memorandums used to validate him, so that he can challenge their confidentiality merit. The appellant also requests that his validation be disapproved due to lack of evidence and that he be released to the mainline general inmate population. The appellant also requests that his central file be expunged of the information used to validate him.

**II    SECOND LEVEL'S DECISION:** The reviewer found that after a thorough investigation, there was sufficient evidence to substantiate that the appellant participates in gang activities with the EME prison gang. The appellant was provided with the factual items of gang documents by the Institution Gang Investigator (IGI) to dispute during the appellant's gang validation process. There was no evidence to support the appellant's complaint. The IGI was able to provide the Law Enforcement Investigation Unit (LEIU) with documentation to prove that the appellant was actively involved in gang activities with EME prison gang members while he was housed in PBSP. Based on the evidence, the IGI submitted a validation package to LEIU to validate the appellant as an associate of the EME prison gang. On September 29, 2004, LEIU submitted a CDC Form 128-B, Gang Validation Chrono, validating the appellant as an associate of the EME prison gang. The appeal was denied at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

> **A. FINDINGS:** The documentation and arguments presented are persuasive that the LEIU validation of the appellant as an associate of the EME prison gang was based on legitimate qualifiers. Upon LEIU's review of documents contained in the appellant's central file, each document met established criteria for reliable confidential information to support the validation of the appellant as an associate of the EME prison gang. The SLR appropriately denied the appellant's request to reverse his validation. No changes or modifications are required by the SLR. The appeal is denied at the Director's Level of Review.

> **B. BASIS FOR THE DECISION:**
> California Code of Regulations, Title 15, Section: 3001, 3321, 3378
> CDC Operations Manual Section: 13030.10

> **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

*T. Surges*

N. GRANNIS, Chief                    cc:        Warden, PBSP
Inmate Appeals Branch                           Appeals Coordinator, PBSP

12

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:

Inmate: MONARREZ, P-50731
Pelican Bay State Prison
Security Housing Unit
Facility C, Unit 10

RE:    WARDEN'S LEVEL DECISION          APPEAL:    DENIED
       APPEAL LOG NO. PBSP-S-04-02873   ISSUE:     CASE INFO/RECORDS

This matter was reviewed by Richard J. Kirkland, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant G. Stewart conducted the Appeal interview at the Second Level of Appeal Review on December 14, 2004.

All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review. Additionally, a thorough investigation has been conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSP institutional procedures and the California Department of Corrections (CDC) policies.

## ISSUES

Whether or not the CDC Law Enforcement and Investigations Unit (LEIU) appropriately validated MONARREZ as an active associate of the Mexican Mafia (EME) prison gang.

## FINDINGS

I

MONARREZ requests that he be given copies of the Confidential Memorandums used to validate him, so he can challenge their confidentiality and merit. He also requests that his validation be disapproved, due to lack of evidence, and then be released back to a General Population (GP) mainline. In addition, MONARREZ would like his Central File to be expunged of the information used to validate him. During the interview, MONARREZ stated that he did not know that the Mayan symbol for the number 13 (Mactaclomer), which is three dots over two lines, or the Black Hand are symbols of the EME prison gang. MONARREZ stated he did not know that Manuel SAUCEDO, J-85704, is a validated EME associate and that he never signed a birthday card. MONARREZ also stated that this information is going against the gang validation procedures, as far as what can be used and what cannot.

II

The Second Level Reviewer reviewed the following four documents used to validate MONARREZ as an associate of the EME prison gang.

1.  A Confidential Memorandum dated September 2, 2004, documenting the interception, by staff, of a letter/birthday card that was being sent out by an inmate, via third party mail, to be returned to an EME member in the PBSP-Security Housing Unit (SHU). The information in the letter identifies

Second Level Reviewer's Response
MONARREZ, P-50731
Appeal No. PBSP-S-04-02873
Page 2

MONARREZ as being on the Mesa on Facility B at PBSP. Information reported by reliable informants and inmates that have debriefed from the EME prison gang depict the "Mesa" as a group of four to six Southern Hispanic inmates that control a general population yard under the authority of the EME leadership.

The Second Level Reviewer examined this document and noted that this document qualifies for use in a prison gang validation, as outlined in the Departmental Operations Manual (DOM), Section 61020.7 and the California Code of Regulations (CCR), Title 15, §3378 (c) (8) (L), which states, in part, "The determination of a gang identification shall reference each independent source item in the inmate/parolee's central file. The sources shall be based on the following criteria:

(L) Communications. Documentation of telephone conversations, mail, notes, or other communication, including coded messages evidencing gang affiliation."

This information is deemed confidential pursuant to the CCR, Title 15, §3321 (a) (1) and (2), as divulging this information would endanger the safety of persons and jeopardize the security of the institution. Specifically, this memorandum includes written communication containing EME information that identifies multiple inmates. Disclosure of this information may place one or more of these inmates safety in danger and also the safety and security of the institution would be placed in jeopardy.

The information is deemed reliable pursuant to the CCR, Title 15, §3321 (c) (2), because more than one source independently provided the same information. The information is corroborated in Confidential Memorandum, dated August 17, 2004. The reliability of this information is further enhanced as it was intercepted and therefore not solicited or intended for staff.

2. A Confidential Memorandum dated August 17, 2004, identifies MONARREZ being appropriately identified as being a part of the Mesa on Facility B at PBSP.

The Second Level Reviewer examined this document and noted that this document qualifies for use in a prison gang validation as outlined in the DOM, Section 61020.7 and the CCR, Title 15, §3378 (c) (8) (H), which states in part, "The determination of a gang identification shall reference each independent source item in the inmate/parolee's central file. The sources shall be based on the following criteria:

(H) Informants. Documentation of information evidencing gang affiliation from an informant shall indicate the date of the information, whether the information is confidential or non-confidential, and an evaluation of the informant's reliability. Confidential material shall also meet the requirements established in section 3321."

This information is deemed confidential pursuant to the CCR, Title 15, §3321 a (1) and (2), as divulging this information would endanger the safety of persons and jeopardize the security of the institution. Divulging this information to the inmates named in the report would identify the informant to those inmates and place the safety of that informant in danger.

The information is deemed Reliable pursuant to the CCR, Title 15, §3321 (c) (1) (2) (3):

(1) The confidential source has previously provided information which proved to be true.
(2) Other confidential sources have independently provided the same information.
(3) The information provided by the confidential source is self-incriminating.

Second Level Reviewer's Response
MONARREZ, P-50731
Appeal No. PBSP-S-04-02873
Page 3

This information is classified confidential as disclosure in a non-confidential report could threaten the safety of the informant. The informant is considered reliable because the information provided by the informant is self-incriminating. Self-incrimination means the informant has provided information that shows the informant promoted or assisted in the commission of a disciplinary offense. The precise nature of this self-incrimination cannot be disclosed in a non-confidential report as it could reveal the identity of the informant. It is reasonable to believe the credibility of the information provided by the informant because of the informant's first hand knowledge of the information and his motive for disclosing the information. Further disclosure regarding how the informant gained his knowledge and his motive for disclosing the information, in a non-confidential report, could be used to identify the informant.

3.      A CDC 128B dated June 24, 2002, authored by Lieutenant R. S. Marquez (Marquez), describes the EME symbolism, the Black Hand and the Mactaclomer, depicted in drawings recovered from MONARREZ' personal property.

The CDC LEIU has established the credibility regarding the meaning of the Black Hand symbol. This credibility was established from information received from former members and associates of the EME prison gang. Additionally, distinctive symbols, body markings, hand signs, and gang graffiti have been identified as having a direct correlation with specific prison gangs. Gang coordinators and investigators receive training and frequently updated information to identify specific symbols and tattoos. Also described in the document is the Mayan symbol for the number 13 (Mactaclomer). This symbol and number corresponds to the thirteenth letter of the alphabet, which is the letter "M". "M" in the Spanish language is pronounced "EME". Southern Mexican or "Sureño" gang members who associate themselves with the EME prison gang utilize this symbol to show their allegiance and loyalty to the EME. The LEIU has established the credibility regarding the meaning of this symbol, therefore these drawings meet criteria set forth in the CCR, Title 15, §3378 (c) (8) (B), Symbols.

The reliability of the report is established by the fact that MONARREZ had the drawings containing the Black Hand and the Mactaclomer in his personal property. It is not reasonable to believe that MONARREZ would possess these drawings without having some knowledge of the symbols meaning. The Black Hand and Mactaclomer are symbols that are associated with the EME prison gang, and MONARREZ is choosing to associate himself with the EME by having these symbols in his personal property.

3.  CDC 128B, dated June 7, 2002, authored by Marquez, describes the review of MONARREZ' phone book, which was found to contain the drop address of a validated EME associate, Manuel SAUCEDO, J-85704.

The Second Level Reviewer examined this document and concluded that this document qualifies for use in a prison gang validation as outlined in the DOM, Section 61020.7 and the CCR, Title 15, §3378 (c) (8) (G), Association. This document describes the fact that MONARREZ had the name and mail drop address of a validated EME associate, providing association and the ability to establish a communication link with SAUCEDO.

The CDC rules regarding CDC Form 812-A, Notice of Critical Information-Prison Gang Identification, are contained within the CCR, Title 15, and encompass, §3000 (definition of Gang and Disruptive Group); §3023 (Gang Activity); §3378 (Critical Case Information); §3321 (Confidential Material); and the DOM.

Second Level Reviewer's Response
MONARREZ, P-50731
Appeal No. PBSP-S-04-02873
Page 4

Staff of Institutional Gang Investigations, whom are familiar with the activities of gangs, thoroughly reviewed the evidence contained within the inmate's Central File. It was determined that sufficient independent source documentation exists to support the fact that MONARREZ is actively associated with the EME prison gang. This includes confidential documentation of a confiscated EME communications, as documented in Confidential Memorandum dated September 2, 2004, and supporting Confidential Memorandum, dated August 17, 2004, supporting that information. Also the fact that MONARREZ has chosen to maintain symbols signifying allegiance to the EME in his personal property, as documented in CDC 128B, dated June 24, 2002, and to maintain association with a validated EME associate, as documented in CDC 128B, dated June 7, 2002. The inmate's gang identification is based upon information contained within his Central File.

The information used in the validation of MONARREZ' prison gang identification has been documented on the CDC 812-A, and the validation CDC 128B-2, dated September 29, 2004.

## DETERMINATION OF ISSUE

The Second Level Reviewer reviewed the documents used in the validation and found that they meet the criteria of the CCR, Title 15, and DOM for use in prison gang identification.

Per the CCR, Title 15, §3321 (b) (1), confidential information can be accepted as the basis for a finding only under two conditions: either the confidential information is corroborated by additional documentation; or, the circumstances surrounding the event combined with the documented reliability of the informant satisfy the decision maker that the information is true. In this instance, the information obtained from the confidential report has been corroborated by the additional documentation and evidence given in the remaining report. The confidential reports examined reasonably show that MONARREZ has been identified as an associate of the EME. The issues of confidentiality, reliability, and the credibility of the confidential information examined have been addressed.

Per the CCR, Title 15, §3321 (b) (3) (A) and (B), documentation given to the inmate shall include the fact that the information came from a confidential source. The documentation shall include as much of the information as can be disclosed without identifying its source including evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and a statement or reason why the information or source is not disclosed. MONARREZ was issued CDC 1030, Confidential Information Disclosure Forms, appropriately addressing these due process rules, regarding all the confidential information used that resulted in the addition of those documents to the CDC 128 B2.

MONARREZ' request that he be given copies of the Confidential Memorandums is **DENIED** based on the CCR, Title 15, §3321 (a) (1) and (2), as divulging this information would endanger the safety of persons and jeopardize the security of the institution.

MONARREZ' requests that his validation be disapproved, that he be released back to GP mainline, and that his Central File be expunged of the documents used to validate him is **DENIED** based on the fact that his validation is pursuant to the CCR, Title 15, §3378 and the DOM, Section 61020.7.

Second Level Reviewer's Response
MONARREZ, P-50731
Appeal No. PBSP-S-04-02873
Page 5


MONARREZ' association with the EME prison gang has been appropriately documented as active, and subsequent classification and housing based upon gang association is appropriate. Based upon the above review, the inmate's appeal is **DENIED**.

## MODIFICATION ORDER

No modification of this decision or action is required.


RICHARD J. KIRKLAND
Warden

EXHIBIT B

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU
CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| MONARREZ | P-50731 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[X] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On August 17, 2004, a decision was made to place you in Administrative Segregation (Ad-Seg). Specifically, an investigation is being conducted by the Institutional Gang Investigator (IGI), Lt. R. S. Marquez, into your involvement in activities which are known to be linked to the prison gang known as the Mexican Mafia (EME). You will remain in Ad-Seg pending Institutional Classification Committee (ICC) review to determine your appropriate housing and program needs and/or the conclusion of this investigation.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / / |
|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME R. S. MARQUEZ | SIGNATURE | TITLE LIEUTENANT |
|---|---|---|---|
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |

[ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [ ] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[ ] NOT ASSIGNED                [ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY____    [ ] RETAIN PENDING ICC REVIEW    [X] DOUBLE CELL    [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

EXHIBIT C

STATE OF CALIFORNIA
CDC 128-B-2 (5/95)

DEPARTMENT OF CORRECTIONS

---

INMATE'S NAME:  MONARREZ, Johnny

CDC NUMBER:  P50731

---

On September 17, 2004 a gang validation package regarding subject was received from Institution Gang Investigator Marquez at PBSP.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW:  (4)**

The following items **meet** the validation requirements: Item (1) confidential memorandum dated September 2, 2004 (communications).
Item (2) confidential memorandum dated August 17, 2004 (informant/support of item 1).
Item (3) CDC 128B dated June 24, 2002 (symbols).
Item (4) CDC 128B dated June 7, 2002 (association).

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS:  (4)**

The following items **do not** meet the validation requirements and were/shall not be used as a basis for validation.

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS:  (0)**

---

### ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, **MONARREZ, Johnny** is:

☒ **VALIDATED**     ☐ **REJECTED**

as a **associate** of the **Mexican Mafia (EME)**prison gang.

SIGNATURE
CHAIRPERSON

Printed name

SIGNATURE/
MEMBER

DANIEL L. SMITH

Printed name

SIGNATURE
MEMBER

Everett W. Fischer

Printed name

DATE:

**GANG VALIDATION/REJECTION REVIEW**
**GENERAL CHRONO**
**LEIU/SSU**

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

STATE OF CALIFORNIA

DEPARTMENT OF
CORRECTIONS
CDC-128 B (8-87)

**NAME and NUMBER**   MONARREZ                    P50731        **RM:**

On September 9, 2004, this unit reviewed **MONARREZ** Central File for the purpose of evaluating his gang status. After a thorough review of the evidence, I have concluded that sufficient information exists to identify **MONARREZ** as an associate of the Mexican Mafia (EME) prison gang. This opinion is based upon the following items that meet the criteria for use in the validation process as set forth in California Code of Regulations, Title 15, Section 3378:

1) (Communications/Informants)Confidential Memorandum dated September 2, 2004, authored by Officer J. Beeson, Facility B at PBSP supported by Confidential Memorandum dated August 17, 2004 authored by Officer L. Thompson, Security Squad at PBSP. These documents detail the discovery of a letter being sent to an EME member identifying **MONARREZ** as being on the Mesa on Facility B at PBSP. The supporting document details a confidential reliable source identifying **MONARREZ** as being on the Mesa. This document therefore qualifies as a direct for use in a gang validation.

2) (Symbols) CDC 128B dated June 24, 2002, authored by Lieutenant R. S. Marquez, IGI at PBSP. This document details the recovery of drawings from the personal property of **MONARREZ** which are identified as symbols used by and signifying allegiance to the EME. This document therefore qualifies for use in a gang validation.

3) (Association) CDC 128B dated June 7, 2002, authored by Lieutenant R. S. Marquez, IGI at PBSP. This document details the review of the phone/address book of **MONARREZ** which contained a drop address for a validated associate of the EME. This document therefore qualifies as a direct link for use in a gang validation.

The sources of the information contained in all of the above listed items meet the criteria for reliability as set forth in California Code of Regulations, Title 15, Section 3321.

**MONARREZ** was interviewed on September 9, 2004, and participated in the interview. MONARREZ was provided all copies of non-confidential documents and CDC 1030's for item classified as confidential during the interview.

In response to the source items listed as #1, **MONARREZ** denied being a part of the Mesa on B Facility at PBSP.

In response to the source items listed as #2, **MONARREZ** denied knowing what the "Black Hand" was for other than having an Indian background.

In response to the source items listed as #3, **MONARREZ** stated that the address was for the wife of the inmate listed and that he knew their kids but that he did not write to the inmate.

In reviewing the totality of the information (documents and responses during the interview), it is concluded that **MONARREZ** is an associate of the EME prison gang. The standard of evidence for review of gang validations is not reasonable doubt. It does not matter whether or not there are reasonable doubts concerning the association of this inmate with the EME. The standard is not preponderance. This review is not required to find that it is more reasonable to believe that this inmate is an EME associate than not. The standard of review is *Some evidence*. This means that this review must find there is reason to believe that this inmate might be a EME associate. This evidence certainly exists in this case.

**MONARREZ** was provided with a copy of this chrono as well as a copy of the CDC 812-A, which delineates the source documentation, used to support this validation. **MONARREZ** was sent copies via institutional mail.

ORIG    :   C-File
cc      :   Institutional Gang Investigations
            Inmate

R. S. Marquez
Correctional Lieutenant
Institutional Gang Investigations

**DATE**   9-9-04        **GANG IDENTIFICATION**        PBSP        CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    **MONARREZ**    INMATE NAME:    **P50731**

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) Gang validation dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated  **8-17-04**  .

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (Explain) _____

The information in letter/birthday card are determined to be accurate/reliable as they were not intended to be discovered by staff

3) Disclosure of information received.

1) The information received indicated the following: This document identifies staff recovering a letter/birthday card via another inmate to be sent out third party mail to be returned to an EME member in PBSP-SHU. The information in the letter identifies MONARREZ being on the Mesa on Facility B at PBSP. Information corroborated in CM dated 8-17-04.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation (for example: Confidential Memorandum of 5-15-86 in the Confidential Materials

folder). Confidential Memorandum dated 9-2-04 contained in Confidential Materials folder.

R. S. MARQUEZ, LT                                      9-9-04
STAFF SIGNATURE, TITLE                                 DATE DISCLOSED

DISTRIBUTION: WHITE ⊏⊐ Central File;  GREEN ⊏⊐ Inmate;  YELLOW ⊏⊐ Institution Use

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    **MONARREZ**              INMATE NAME:    **P50731**

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  Gang validation dated _____ submitted by

    _____
                                    STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated    **8-17-04**    .

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
    This information is considered reliable because:

    a)☐  This source has previously provided confidential information which has proven to be true.

    b)☐  This source participated in and successfully completed a Polygraph examination.

    c)☒  More than one source independently provided the same information.

    d)☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)☒  Part of the information provided by the source(s) has already proven to be true.

    f)☐  Other (Explain) _____

    _____

3)  Disclosure of information received.

1)  The information received indicated the following: This document identifies MONARREZ being
    appropriately identified as being a part of the Mesa on Facility B at PBSP.

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation (for example: Confidential Memorandum of 5-15-86 in the Confidential
Materials

folder). Confidential Memorandum dated 8-17-04 contained in Confidential Materials folder.

_____

R. S. MARQUEZ, LT _____                9-9-04

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

**NAME and NUMBER**    **MONARREZ**    P50731    **RM:**

On June 5, 2002, Officer J. Beeson, Gang Officer, recovered several drawing amid the personal property of **MONARREZ,**
**P50731**. During the review of these drawings I discovered several symbols used by the prison gang known as the Mexican
Mafia (EME) which have been drawn by validated members and/or associates of the EME and others.

The drawings and symbols are as follows:

1) A drawing by Fernando BERMUDEZ, B53002, a validated member of the EME. In this signed drawing, the "Black Hand" is
found upon the earring worn by an Indian Chief. The "Black Hand" is the well-known and documented symbol used
exclusively by the EME and its members.

2) Two drawings signed by "Pichel." Pichel is the known alias of Jose GARCIA, J18897, a validated EME associate. One of
the drawings contains the Aztec/Eternal War Shield, which is used by the EME and their associates to signify allegiance to
the ideology/beliefs of the EME.

3) A drawing signed by Martin BUENO, E96652, non-validated, also depicting the Aztec/Eternal War Shield.

4) Another drawing depicting the Aztec/Eternal War Shield as well as the Aztec symbol for the number 13 which is depicted
three dots above two straight lines. The latter symbol has been recognized as representing the thirteenth letter of the
alphabet, which is "M" which is identified with the EME or Mafia.

5) A drawing signed by Daniel GRAJEDA, C39195, a validated EME member. Underneath the signature are the three dots
above the two straight lines.

These source documents (drawings) establish the association of **MONARREZ** with known EME symbols and ideology and
qualifies for use in a prison gang validation.

R. S. MARQUEZ
Correctional Lieutenant, IGI
PBSP

ORIG  :  C-File
cc    :  IGI
         Inmate

**DATE**  6-24-02    **GANG INFORMATION**    **PBSP**    **GENERAL CHRONO**

THIS DOCUMENT DOES NOT
MEET THE VALIDATION
REQUIREMENTS ESTABLISHED IN
CCR TITLE 15 SECTION 3378

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION
CDC-128 B (8-87)

NAME and NUMBER        MONARREZ                          P50731          RM:

On June 5, 2002, Officer J. Beeson, Gang Officer, recovered the address/phone book of **MONARREZ, P50731**. During the review of this address/phone book I discovered the name and maildrop address of a validated Mexican Mafia (EME) associate The following name and address was recorded in the address/phone book:

Evette J85704
Saucedo Manuel
4114 Carol Dr. unit 1
Fullerton 92633

This is the known name and CDC number for Manuel SAUCEDO, J85704, a validated EME associate from the Orange County area. Fullerton is in Orange County.

This source document (address/phone book) is a direct link in use for prison gang validation as the name and maildrop address link **MONARREZ** to maintaining contact with an associate of the EME.

THIS DOCUMENT DOES NOT
MEET THE VALIDATION
REQUIREMENTS ESTABLISHED IN
CCR TITLE 15 SECTION 3378

R. S. MARQUEZ
Correctional Lieutenant, IGI
PBSP

ORIG  :  C-File
cc    :  IGI
         Inmate

**DATE**   6-7-02              **GANG INFORMATION**              **PBSP**              **GENERAL CHRONO**

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, __JUAN MONARREZ P·58731__, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the_____ day of __JUNE_____, in the year of 20 **08**, I served the following documents: (set forth the exact title of documents served)

__WRIT OF HABEAS CORPUS , APPLICATION IN FORMA PAUPERIS__

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca.  94102-3483

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of __JUNE_____, 20 **08**.

Signed: _____
                    (Declarant Signature)

Rev. 12/06